**George W. HALL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 05–517C.**

United States Court of Federal Claims.

Oct. 31, 2005.

---

George W. Hall, Boligee, Alabama, pro se.

Paul G. Freeborne, United States Department of Justice, Washington D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

In 1997, Mr. George W. Hall joined in a suit filed in the United States District Court for the District of Columbia, against the United States Department of Agriculture ("USDA") by a class of approximately 20,000 African–American farmers, alleging that the USDA, motivated by racial bias, failed to provide certain farming assistance to which they were entitled. *See* Compl. ¶ 8. On April 9, 1999, Mr. Hall entered into an individual Settlement Agreement with the USDA ("Settlement Agreement"). *See* Compl. ¶ 2. Pursuant to the Settlement Agreement, Mr. Hall opted out of the class action and agreed to release the USDA from all claims existing at the time of the signing. The Settlement Agreement provides that:

1. The Secretary, or his designee, shall:

(a) Pay to Mr. Hall the sum of $236, 250, which includes $61,250 to be applied to income taxes incurred as a result of this agreement

(b) Forgive/release/cancel all outstanding indebtedness to the Farm Services Agency ("FSA")(formerly Farmers Home Administration)

(c) Provide to Mr. Hall, for a period of 5 years from the date of his execution of this agreement, priority financial and technical assistance for those USDA programs for which Mr. Hall qualifies

(d) Ensure that Mr. Hall will have flexibility in selecting FSA officials with whom he must transact business

(e) To the extent legally permissible, assist Mr. Hall to ensure that he is given priority consideration for acquisition of inventory land

(f) Pay Mr. Hall's reasonable attorney's fees and costs

*See* Settlement Agreement at 1. Thereafter, the initial class action litigation was settled. *See Pigford v. Glickman,* 185 F.R.D. 82 (D.D.C.1999), *aff'd* 206 F.3d 1212 (D.C.Cir. 2000).

On May 12, 2004, Mr. Hall filed a Complaint in the United States District Court for the Northern District of Alabama as a *pro se* Plaintiff alleging breach of contract and retaliation. On March 15, 2004, the United States District Court dismissed all but one of Mr. Hall's claims, *i.e.,* the claim alleging that the "denial of loan restructuring for Year 2001 as a Financial Distress Current Borrower" was unlawful discrimination in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et. seq.,* ("ECOA"). *See Hall v. Ann Veneman, Sec'y, The United States Dep't of Agric.,* No. CV–04–CO–0971–W, slip. op. at 8 (N.D.Ala. Nov. 15, 2004). Therein, Count II, alleging a breach of the Settlement Agreement, was dismissed, however, the United States District Court, advised Mr. Hall that this claim was subject to the Tucker Act, 28 U.S.C. § 1491(a)(1), and the juris-diction of the United States Court of Federal Claims. *Id.* at 5.

On May 4, 2005, Plaintiff filed a Complaint in the United States Court of Federal Claims. *See* Compl. The Complaint alleges four counts arising from the USDA's breach of the April 9, 1999 Settlement Agreement.[1] Count I alleges that, on May 24, 1999, Mr. Hall requested a farming loan that the USDA failed to process in a timely manner. *See* Compl. ¶¶ 18, 19. In addition, Count I alleges that when Mr. Hall was paid in August of 1999, the amount authorized was "markedly" less than the amount requested. *Id.* Count I also alleges that Mr. Hall suffered damages as a result of the USDA's failure to process his loan request in a timely manner, because he was unable to acquire the resources and an irrigation system necessary to grow crops in 1999. *Id.* ¶¶ 1–3, 19 a-c. Finally, Count I alleges that the USDA's delay in the processing of the loan request resulted in losses by Hall's Homemade Syrup, a partnership in which Mr. Hall had an interest. *Id.* ¶ 19c.

Count II alleges that in February of 2001 Mr. Hall applied for an emergency loan and requested technical assistance to complete an application. *Id.* ¶ 21. Count II alleges that the USDA breached Paragraph 1(c) of the Settlement Agreement by refusing to provide technical assistance and discouraging Mr. Hall's attempts to complete an application for the emergency loan. *Id.* Count II further alleges that Mr. Hall incurred substantial damages as a result of the USDA's failure to provide technical support because he was unable to acquire the resources necessary to grow crops in 2001 and, therefore, could not supply Hall's Homemade Syrup with raw materials. *Id.* ¶¶ 22a-c; *see also id.* ¶¶ 1–4.

Count III alleges that in March of 2001, Mr. Hall applied for a "NAP 20 disaster program" for the year 2000, but initially was

---

1. Counts I, III, and IV do not identify the specific provisions of the Settlement Agreement that were breached, however, they allege sufficient facts, individually and collectively, to establish a breach, *i.e.,* the USDA's alleged failure to "provide *priority* financial and technical assistance for those USDA programs for which Mr. Hall qualifies," as required by the Settlement Agreement. *See* Settlement Agreement at 1(c) (empha-sis added). Count IV, however, alleges facts stating a claim for a violation of the implied duty of good faith and fair dealing underlying all contracts and a violation of Paragraph 1(d) of the Settlement Agreement. *See, e.g., Centex Corp. v. United States,* 395 F.3d 1283, 1304 (Fed.Cir. 2005) ("The covenant of good faith and fair dealing is an implied duty that each party to a contract owes to its contracting partner.").

paid an unreasonably small sum of disaster relief. *Id.* ¶ 24. Count III also alleges that Mr. Hall successfully challenged the amount that he was awarded and received increased disaster relief two years later. *Id.* Count III alleges that this "unreasonable delay" breached the Agreement. *Id.* In addition, Count III further alleges that Mr. Hall incurred damages as a result of the delay in receiving the increased disaster relief, because he was unable to make payments on a 1999 loan, "subjected to administrative offset and loss of USDA related income," and "subjected to administrative offset and loss of personal income." *Id.* ¶¶ 1, 2, 25a-c.

Count IV incorporates the allegations of Counts I, II, and III and further alleges that in August 2001 Mr. Hall submitted an application for loan restructuring "as a financially distressed current borrower" that the USDA erroneously denied after an unreasonable delay in processing. *Id.* ¶¶ 27–32. Count IV alleges that Mr. Hall appealed that decision and, as a result, the USDA's decision to deny his application for "servicing as a financially distressed current borrower" was reversed. *Id.* ¶¶ 28, 29. Count IV alleges that this "series of breaches were willful, intentional, and combined with the Agency's failure to honor the removal of discriminatory agents as servicing personnel, amount to retaliation against Mr, Hall for merely exercising his rights under the ECOA (Equal Credit Opportunity Act)." *Id.* ¶ 32. Count IV alleges that, as a result of these breaches, Mr. Hall suffered: undue hardship; emotional distress; mental anguish and humiliation; harm to good name and character; "loss of credit with Hall's Farm and Hall's Homemade Syrup." *Id.* ¶¶ 33a-e.

On July 5, 2005, the Government filed a Partial Motion to Dismiss ("Motion"). On September 12, 2005, Plaintiff filed a Response. On September 19, 2005, the Government filed a Reply Brief in Support of Defendant's Partial Motion to Dismiss.

## DISCUSSION

### A. Jurisdiction.

It is well settled that the United States, as sovereign, cannot be sued without its consent. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Consent must occur through an unequivocal, express waiver of sovereign immunity. *Id.* The Tucker Act furnishes the requisite express waiver and grants the United States Court of Federal Claims subject matter jurisdiction where a claim rests upon at least one of the following: the Constitution; any Act of Congress; any regulation of an executive department; any express or implied contract with the United States; or liquidated or unliquidated damages in cases not sounding in tort. *See* 28 U.S.C. § 1491(a).

The Tucker Act, however, does not create any substantive right for monetary damages. Therefore, to invoke the jurisdiction of the United States Court of Federal Claims, a complaint must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States,* 386 F.3d 1091, 1094 (Fed.Cir.2004) ("Jurisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act.").

### B. *Pro Se* Plaintiff Pleading Requirements.

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff traditionally have been held to a less stringent standard than those of the litigants represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (stating that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Indeed, it has long been the role of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969).

**C. Standard Of Review On Motion To Dismiss.**

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005) ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."); *see also* RCFC 12(b)(1).

In deciding a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Plaintiff, as the non-moving party, however, bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

**C. Resolution Of The Government's Motion To Dismiss.**

**1. The United States Court Of Federal Claims Has Jurisdiction To Adjudicate Plaintiff's Breach Of Contract Claim, As Alleged In Count I–IV Of The Complaint.**

██ The Government moves that the court dismiss Counts I, II, and IV because they "assert various claims of credit discrimination" and "to the extent plaintiff seeks to invoke Tucker Act jurisdiction through the ECOA, Compl. ¶ 1, these claims are clearly barred by the statute of limitations applicable to such actions." Mot. at 5.

The court, however, reads Counts I–IV, individually and collectively, to allege a breach of the Settlement Agreement between Mr. Hall and the USDA. Moreover, mindful that it has long been the role of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed," the court interprets Count IV as alleging a breach of Paragraph 1(d) of the Settlement Agreement and a breach of the implied covenant of good faith and fair dealing underlying all contracts. *See Ruderer v. United States,* 188 Ct.Cl. at 468, 412 F.2d 1285 (discussing *pro se* pleading standard); *see also Centex Corp.,* 395 F.3d at 1304 (discussing the covenant of good faith and fair dealing).

The United States Court of Federal Claims has jurisdiction over the breach of settlement agreements with the United States. *See, e.g., Kasarsky v. Merit Sys. Prot. Bd.,* 296 F.3d 1331, 1336 (Fed.Cir.2002) ("Disputes involving settlement agreements are governed by contract principles."); *see also Greco v. Dep't of the Army,* 852 F.2d 558, 560 (Fed.Cir.1988) ("It is axiomatic that a settlement agreement is a contract."). Accordingly, absent some other bar, the court has jurisdiction to adjudicate each of the breach of contract claims alleged in the Complaint.

**2. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Claims, Solely For Alleged Violations Of The Equal Credit Opportunity Act, 15 U.S.C. §§ 1691,** *et seq.*

██ The Complaint asserts that the ECOA grants the United States Court of Federal Claims jurisdiction over *all* claims alleged in the May 5, 2005 Complaint. *See* Compl. ¶ 1 (emphasis added). Accordingly, the Government moves to dismiss Counts I, II, and IV, because the ECOA statute of limitations has run on each of these claims.

The ECOA contains a waiver of the United States sovereign immunity. *See Moore v. U.S. Dept. of Agriculture On Behalf Of Farmers Home Admin.,* 55 F.3d 991, 994 (5th Cir.1995) (holding that the United States and federal governmental entities may be liable for violations of the ECOA). That waiver permits a "loan applicant who [has] been treated in a discriminatory manner to bring an action in United States district court. Consequently, the district court, not

this court, is the proper forum for plaintiff's ECOA claim." *Hicks v. United States*, 23 Cl.Ct. 647, 653 (Cl.Ct.1991) (citing *Gross v. United States Small Business Admin.*, 669 F.Supp. 50 (N.D.N.Y.1987), *aff'd without op.*, 867 F.2d 1423 (2d Cir.1988)). Any action brought under the ECOA, however, must be filed within two years of the alleged discrimination. *See* 15 U.S.C. § 1691e (f) ("No such action shall be brought later than two years from the date of the occurrence of the violation[.]"). In this case, the actions described in Counts I–IV are alleged to have occurred on or about May 24, 1999, February 2001, March 2001, and August 2001. *See* Compl. ¶¶ 18, 21, 24, 27. The ECOA statute of limitations expired in August of 2003.

Therefore, if the court's jurisdiction over Counts I, II, and IV was solely dependent on the ECOA, those counts would have to be dismissed, as the Government insists. Since Counts I, II, and IV are not so dependent and the Tucker Act provides the court with jurisdiction over each of these claims in so far as they allege, individually and collectively, a breach of the Settlement Agreement, the Government's motion to dismiss on statute of limitations grounds is denied.

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Claims, Solely For Alleged Violations Of The Administrative Procedure Act, 5 U.S.C.A. §§ 701, *et seq.*

■ The Complaint states that the Administrative Procedure Act ("APA"), 5 U.S.C.A. §§ 701 *et seq.*, also grants the United States Court of Federal Claims jurisdiction over *all* claims alleged therein. *See* Compl. ¶ 1 (emphasis added). Accordingly, the Government moves that the court dismiss Counts I, II, and IV.

The APA provides in relevant part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages . . . shall not be dismissed nor relief therein be denied

on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.

■ The United States Court of Federal Claims does not have jurisdiction to review an agency decision under the APA. *See Martinez v. United States*, 333 F.3d 1295, 1313 (Fed.Cir.2003) (holding that the United States Court of Federal Claims lacks APA jurisdiction); *see also McNabb v. United States*, 54 Fed.Cl. 759, 767 (2002) (holding "APA reviews are conducted in federal district court rather than the [United States] Court of Federal Claims, since the APA addresses 'relief other than money damages.' ").

Therefore, if the court's jurisdiction over Counts I, II, and IV solely was dependent on the APA, those counts would have to be dismissed. Since Counts I, II, and IV are not so dependent and the Tucker Act provides the court with jurisdiction over each of these claims in so far as they allege, individually and collectively, a breach of the Settlement Agreement, the Government's motion to dismiss on APA grounds is denied.

### 4. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Claims, Solely Arising Under 28 U.S.C. § 1331.

■ The Complaint alleges that the United States Court of Federal Claims has jurisdiction over *all* claims asserted therein by 28 U.S.C. § 1331. *See* Compl. ¶ 1 (emphasis added). This statute provides, in relevant part, that:

The *district courts* shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331 (emphasis added).

The United States Court of Federal Claims, however, is not a United States District Court and, therefore, does not have jurisdiction over claims arising under 28 U.S.C. § 1331. *See Faulkner v. United States*, 43 Fed.Cl. 54, 55 (1999) ("The Court of Federal Claims does not have federal question jurisdiction under 28 U.S.C.

§ 1331.") (citing *Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997)). Section 1331 is a jurisdictional statute that "do[es] not create any substantive right enforceable against the United States for money damages." *See DeVilbiss v. Small Business Adm.,* 661 F.2d 716, 718 (8th Cir.1981).

Therefore, if the court's jurisdiction over Counts I–IV solely was dependent on Section 1331, those counts would have to be dismissed. Since they are not so dependent and the Tucker Act provides the court with jurisdiction over each of these claims in so far as they allege, individually and collectively, a breach of the Settlement Agreement, the Government's motion to dismiss on Section 1331 grounds is denied.

5. **The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Claims, Solely Arising Under 28 U.S.C. § 1367.**

▇▇▇ The Complaint alleges that the United States Court of Federal Claims has jurisdiction over Count I and Count II under 28 U.S.C. § 1367. *See* Compl. ¶ 1. That statute provides in relevant part:

> In any civil action of which the *district courts* have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in that action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[.]

28 U.S.C. § 1367 (emphasis added). Accordingly, 28 U.S.C. § 1367 does not confer any jurisdiction upon the United States Court of Federal Claims because only the United States District Courts are authorized to exercise supplemental jurisdiction. *See Trek Leasing, Inc. v. United States,* 62 Fed.Cl. 673, 678 (2004) (stating that 28 U.S.C. § 1367 "only applies specifically to federal district courts").

Therefore, if the court's jurisdiction over Counts I–IV solely was dependent on Section 1367, the Complaint would have to be dismissed. The Tucker Act, however, provides the court with jurisdiction over each of these claims in so far as they allege, individually

and collectively, a breach of the Settlement Agreement. Therefore, the Government's motion to dismiss on Section 1367 grounds is denied.

6. **The United States Court Of Federal Claims Has Jurisdiction To Adjudicate Tort Claims That "Stem From A Breach Of Contract."**

▇▇▇ Count IV of the Complaint alleges that Mr. Hall suffered undue hardship, emotional distress, mental anguish, humiliation, and harm to good name and character, and requests damages for physical and emotional distress. *See* Compl. ¶¶ 1, 2. The Government argues that such claims "sound in tort," and, as such, are not subject to the jurisdiction conferred by the Tucker Act. The Government is correct that the United States Court of Federal Claims does not have jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1) (1994 & Supp. V 1999); *see also Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997)("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States."). In addition, the court does not have jurisdiction to award damages for emotional distress and pain and suffering. *See Pratt v. United States,* 50 Fed.Cl. 469, 482 (2001) ("Except in limited circumstances related to common carriers and innkeepers not applicable here, the court cannot award damages for the emotional consequences of a breach of contract because such consequences are speculative as a matter of law."). It is well established, however, that "where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the [United States] Court of Federal Claims." *Awad v. United States,* 301 F.3d 1367, 1372 (Fed.Cir.2002) (citing *Wood v. United States,* 961 F.2d 195, 198 (1992); *Blanchard v. St. Paul Fire & Marine Ins. Co.,* 341 F.2d 351 (5th Cir.1965); *Woodbury v. United States,* 313 F.2d 291, 295 (9th Cir.1963)).

▇▇▇ Accordingly, the court has jurisdiction over Plaintiff's claims for damages "sounding in tort" that arise from the

58

USDA's alleged breach of the Settlement Agreement. Although the court has jurisdiction to adjudicate this claim because it is ultimately one arising in contract, the court has no authority to award Plaintiff damages for "emotional distress and pain and suffering." Therefore, the portions of the Complaint that seek damages for "emotional distress and pain and suffering" are dismissed. *See, e.g.,* Compl. ¶¶ 33b, c, e; *see also id.*(Relief Sought ¶ 1).

## CONCLUSION

For these reasons, the Government's Partial Motion to dismiss is **GRANTED**, in part, and **DENIED**, in part. The Government is ordered to file an Answer.

In the interim, the court will make inquiries to ascertain whether counsel can be obtained to represent plaintiff and file a First Amended Complaint adding a specific citation in Paragraph 1 to the court's jurisdiction under the Tucker Act and deleting those claims alleging and requesting damages for emotional distress and pain and suffering.

**IT IS SO ORDERED.**