**George W. HALL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 05–517C.**

United States Court of Federal Claims.

Oct. 31, 2006.

---

Christopher D. Danley, Bradley Arant Rose & White LLP, Washington, D.C. for plaintiff.

Paul G. Freeborne, United States Department of Justice, Washington D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

## I. RELEVANT FACTS.

In 1997, Plaintiff joined a suit in the United States District Court for the District of Columbia, filed against the United States Department of Agriculture ("USDA") by a class of approximately 20,000 African–American farmers alleging that the USDA's failure to provide certain farming assistance was motivated by racial bias. *See Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C.1999), *aff'd* 206 F.3d 1212 (D.C.Cir.2000). On April 9, 1999, Plaintiff entered into an individual Settlement Agreement with the USDA ("Settlement Agreement"). Therein, Plaintiff agreed to opt out of the class action and release the USDA from all claims existing as of April of 1999.

The Settlement Agreement, however, also required that:

1. The Secretary, or his designee, shall:

(a) Pay to Mr. Hall the sum of $236,250, which includes $61,250 to be applied to income taxes incurred as a result of this agreement;

(b) Forgive/release/cancel all outstanding indebtedness to the Farm Services Agency ("FSA")(formerly Farmers Home Administration);

(c) Provide to Mr. Hall, for a period of 5 years from the date of his execution of this agreement, priority financial and technical assistance for those USDA programs for which Mr. Hall qualifies;

(d) Ensure that Mr. Hall will have flexibility in selecting FSA officials with whom he must transact business;

(e) To the extent legally permissible, assist Mr. Hall to ensure that he is given priority consideration for acquisition of inventory land; and

(f) Pay Mr. Hall's reasonable attorney's fees and costs.

*See* Am. Complaint (Attachment A at 1). Subsequently, the aforementioned class action litigation was settled.

## II. PROCEDURAL HISTORY.

### A. In The United States District Court.

On May 12, 2004, Plaintiff filed a *pro se* Complaint in the United States District Court for the Northern District of Alabama, alleging breach of the Settlement Agreement and retaliation. On March 15, 2004, the United States District Court dismissed all of Plaintiff's claims, other than that alleging the "denial of loan restructuring for Year 2001 as a Financial Distress Current Borrower," violated the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et. seq.,* ("ECOA"). *See Hall v. United States,* No. CV–04–CO–0971–W, slip. op. at 8 (N.D.Ala. Nov. 15, 2004). In that "Memorandum of Opinion," however, the United States District Court advised Plaintiff that Count II, alleging a breach of the Settlement Agreement, was subject to the jurisdiction of the United States Court of Federal Claims and could be adjudicated under the Tucker Act, 28 U.S.C. § 1491(a)(1). *Id.* at 5.

On January 31, 2006, the United States District Court also granted the Government's Motion for Summary Judgment of the ·remaining claim of "retaliation discrimination" arising from the Government's denial of Plaintiff's "loan restructuring as a financially distressed borrower." *See Hall v. United States,* No. CV–04–CO–0971–W, slip. op. at 16 (N.D.Ala. Jan. 31, 2006). On February 14, 2006, Plaintiff filed a Motion for Reconsideration. *See* Pl. Resp. Attachment B (Docket

Sheet No. 04–09071(N.D.Ala.)). On February 15, 2006, that motion was denied. *Id.* On March 1, 2006, Plaintiff filed a Notice of Appeal. *Id.*

### B. In The United States Court Of Federal Claims.

On May 4, 2005, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims alleging a breach of the Settlement Agreement. On July 5, 2005, the Government filed a Partial Motion to Dismiss ("Gov't Mot."). On October 31, 2005, the court issued a Memorandum Opinion and Order determining that the court had jurisdiction over Plaintiff's claims arising from the alleged breach of the Settlement Agreement. *See Hall v. United States,* 69 Fed.Cl. 51, 55 (2005). The court held, as a matter of law, that it had no jurisdiction over claims based on the Equal Credit Opportunity Act, the Administrative Procedure Act, 28 U.S.C. § 1331, 28 U.S.C. § 1367, or claims alleging and requesting damages for emotional distress and pain and suffering. *Id.* at 55–58. The court also afforded Plaintiff the opportunity to "ascertain whether counsel can be obtained to represent plaintiff and file a First Amended Complaint[.]" *Id.* at 58.

On November 30, 2005, Bradley Arant Rose & White LLP, filed a Motion to Substitute Counsel of Record on behalf of Plaintiff. On February 17, 2006, Plaintiff filed a First Amended Complaint. On April 6, 2006, the Government filed a "Partial Answer" to Plaintiff's First Amended Complaint, together with a Partial Motion to Dismiss with Attachments A–C. On June 2, 2006, Plaintiff filed a Response to the Government's Partial Motion to Dismiss ("Pl.Resp.") and Appendix (Attachments A–B). On June 26, 2006, the Government filed a Reply ("Gov't Reply").

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims does not have jurisdiction over *"any claim* for in respect to which the plaintiff or his assignee has *pending in any other court* any suit or process against the United States or any person who, *at the time when the cause of action alleged in such suit or process arose,* was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States." 28 U.S.C. § 1500 (emphasis added).

### B. Standard Of Review On Motion To Dismiss.

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999). In deciding a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Plaintiff, as the non-moving party, however, bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("Once the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

### C. Resolution Of The Government's Motion To Dismiss.

■ The Government's April 6, 2006 Motion seeks to dismiss Count V and that portion of Count VI of Plaintiff's February 17, 2006 First Amended Complaint that alleges the Government "breached the Settlement Agreement by not approving Plaintiff's 2001 application for primary loan servicing as a financially-distressed borrower," pursuant to 28 U.S.C. § 1500. *See* Gov't Mot. at 7–8.

To determine whether section 1500 applies in this case, the court first must ascertain whether Plaintiff had a claim pending in another court at the time in which the claim was filed in the United States Court of Federal Claims. Second, the court must determine whether the claim asserted in this court was based upon the same set of operative facts and seeks the same relief. *See Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1551 (Fed.Cir.1994) ("For the [United States] Court of Federal Claims to be precluded from hearing a case under § 1500, the

claim pending in another court must arise from the same operative facts, and must seek the same relief."). Plaintiff does not dispute that the claims asserted in Count V and Count VI, as challenged, arise from the same set of operative facts and seek the same relief as the United States District Court action. *See* Pl. Resp. at 7. Accordingly, the vitality of Count V and the challenged portion of Count VI is dependant on the first part of the *Loveladies Harbor* inquiry, *i.e.,* whether the claims asserted in Counts V and VII, as challenged, was pending in another court at the time the Complaint was filed in this case.

■ The Complaint that commenced this action was filed in the United States Court of Federal Claims on May 4, 2005. At that time, the United States District Court had jurisdiction over a claim concerning the Government's denial of Plaintiff's loan restructuring request. Nevertheless, Plaintiff argues that, section 1500 does not apply because the "[February 17, 2006] Amended Complaint had the legal effect of replacing the [May 4, 2005] original Complaint," so that the court should determine whether another action was pending as of the date of the filing of the Amended Complaint. *See* Pl. Resp. at 6. On the contrary, the United States Court of Appeals for the Federal Circuit has held that "[t]he question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the *suit* in the Court of Federal Claims is filed[.]" *Loveladies Harbor,* 27 F.3d at 1554 (emphasis added). Moreover, the Rules of the United States Court of Federal Claims provide that, "[a]n amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." RCFC 15(c)(2). Although Plaintiff is correct that the substance of the Amended Complaint replaces the original Complaint, the Amended Complaint "relates back" to the date of the original filing, because the claims arose out of the same transaction. On May 4, 2005, when "the suit in the United States Court of Federal Claims" was filed, the United States District Court had jurisdiction over claims that were virtually the same as Counts V and VI, as challenged. *See Loveladies Harbor,* 27 F.3d at 1554.

## IV. CONCLUSION.

For these reasons, the Government's Partial Motion to Dismiss is granted. The court will schedule a telephone conference to set a schedule for trial on November 9, 2006 at 2 p.m. E.S.T.

**IT IS SO ORDERED.**