### Patricia HOAG, Plaintiff,

v.

### UNITED STATES, Defendant.

### No. 11–4C.

United States Court of Federal Claims.

July 6, 2011.

Henry D. Fincher, Attorney at Law, Cookeville, TN, for the plaintiff.

Michael P. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Martin F. Hockey, Jr., Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General, Civil Division.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

On March 22, 2010, the plaintiff, Patricia Hoag, filed claims in the United States District Court for the Middle District of Tennessee for breach of contract and for a declaratory judgment against the United States Department of Veterans' Affairs (VA). On November 4, 2010, plaintiff's complaint in the United States District Court for the Middle District of Tennessee was dismissed and the case was transferred to the United States Court of Federal Claims. The United States District Court for the Middle District of Tennessee found that jurisdiction to adjudicate contract claims over $10,000.00 resides exclusively in the United States Court of Federal Claims. The court also found that "[t]he Declaratory Judgment Act is not a sufficient basis to provide independent jurisdiction over a claim." On January 3, 2011, the record was transferred from the United States District Court for the Middle District of Tennessee to this court. Plaintiff's complaint in this court was filed on February 25, 2011.[1]

1. The notice transferring this case was incorrectly served on plaintiff's counsel. The notice was re-served on plaintiff's counsel on February 10,

In this court, Ms. Hoag requests specific performance and/or damages for what she alleges is a breach of contract under the Tucker Act, 28 U.S.C. § 1491 (2006), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (2006), and the Tennessee Declaratory Judgment Act, Tennessee Code Annotated § 29–14–101 *et seq.* (2011). Plaintiff seeks specific performance to have the VA convey to her title to Lot 1, located at 541 West Stevens Street, Cookeville, Tennessee, for what she alleges was the agreed upon contract price of $45,000.00. In the alternative, Ms. Hoag seeks an unspecified amount of money damages stemming from defendant's alleged breach of contract, as well as reasonable attorneys' fees and costs of litigation. Absent specific performance, Ms. Hoag alleges she is entitled to recover both the tax liability she incurred as a result of taking money out of her Individual Retirement Account (IRA) in an attempt to purchase Lot 1 and the lost value of her enjoyment of the property.

According to plaintiff, on October 16, 2001, David Koerner received title to a .25 acre tract of property located in Cookeville, Tennessee. Mr. Koerner's warranty deed, according to plaintiff's complaint, was recorded. On approximately July 13, 2004, Mr. Koerner subdivided the .25 acre tract into two separate tracts, Lot 1 and Lot 2. On February 14, 2007, Mr. Koerner sold Lot 1, the subject of this lawsuit, to Mr. and Mrs. Charles Sullivan. The plaintiff states the Sullivans' warranty deed was recorded. On March 12, 2007, Mrs. Sullivan quitclaimed her interest in the property to her husband, which, according to the complaint, also was recorded.

Plaintiff claims that on December 4, 2008, Mr. Sullivan defaulted on his loan and Lot 1 was sold in a foreclosure sale. CitiMortgage was the highest bidder, and assigned its interest to the Secretary of the VA, through a Trustee's Deed, which also was recorded. According to the plaintiff, the Trustee's Deed listed an incorrect property description of Lot 1 by referring to the original undivided tract comprised of Lots 1 and 2.

2011, which explains the delay for when plaintiff filed her complaint in this court.

Ms. Hoag further alleges that on July 7, 2009, the Asset Manager for the VA in Middle Tennessee accepted Ms. Hoag's offer of $45,000.00 for Lot 1 located at 541 West Stevens Street, Cookeville, Tennessee. Plaintiff attached as an exhibit to the complaint a document titled "offer to purchase and contract of sale," signed by both Ms. Hoag and the Asset Manager for the VA. After Ms. Hoag and the VA signed the contract for the sale of Lot 1, at the request of the VA, both parties signed an amendment to extend the closing date to September 20, 2009. According to plaintiff, when defendant failed to close by September 20, 2009, Ms. Hoag again agreed to sign an amendment to further extend the closing date until October 31, 2009. When defendant still failed to close on the property by October 31, 2009, Ms. Hoag filed her complaint for breach of contract for failure to convey the property in the United States District Court for the Middle District of Tennessee on March 22, 2010, which ultimately led to plaintiff filing her February 25, 2011 complaint in this court.

On April 6, 2011, defendant filed a motion to dismiss plaintiff's complaint in this court for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) (2010). In its motion to dismiss, defendant argues that this court does not have subject matter jurisdiction to grant specific performance, based on the Tucker Act, 28 U.S.C. § 1491, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, or the Tennessee Declaratory Judgment Act, Tennessee Code Annotated § 29–14–101 *et seq.*, as asserted by the plaintiff. Defendant also argues that Ms. Hoag's only request for monetary damages consists of a claim that she is entitled to a tax refund, and, therefore, she has not satisfied the "full payment rule" that applies to actions seeking a refund of taxes. Count One of plaintiff's complaint, however, alleges breach of contract by the VA, and in her prayer for relief, plaintiff asserts claims for "damages suffered as a result of defendant's acts or omissions."

## DISCUSSION

"First, 'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, —— U.S. ——, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011); *see also Hertz Corp. v. Friend*, —— U.S. ——, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. at 514, 126 S.Ct. 1235)); *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed.Cir.2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.*, 918 F.2d 160, 161 (Fed.Cir.1990))); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed.Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. at 506, 126 S.Ct. 1235; *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1346 (Fed.Cir.2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. at 506, 126 S.Ct. 1235; *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. denied*, 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); and *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998))); *Pikulin v. United States*, 97 Fed.Cl. 71, 76 (2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where, as here, neither party has raised this issue." *Metabolite Labs., Inc.*

v. *Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1369 (Fed.Cir.2004) (citing *Textile Prods., Inc., v. Mead Corp.,* 134 F.3d 1481, 1485 (Fed.Cir.), *reh'g and en banc suggestion denied* (Fed.Cir.), *cert. denied,* 525 U.S. 826, 119 S.Ct. 73, 142 L.Ed.2d 58 (1998)), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. dismissed* as *improvidently granted,* 548 U.S. 124, 126 S.Ct. 2921, 165 L.Ed.2d 399 (2006).

■ Pursuant to the Rules of this court and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2) (2011); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir. 1997); *see also Klamath Tribe Claims Comm. v. United States,* 97 Fed.Cl. 203, 208 (2011); *Gonzalez–McCaulley Inv. Grp., Inc. v. United States,* 93 Fed.Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed. Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Samish Indian Nation v. United States,* 419 F.3d 1355, 1364 (Fed.Cir.2005); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Navajo Nation,* 556 U.S. 287, 129 S.Ct. 1547, 1551, 173 L.Ed.2d 429 (2009); *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see also Greenlee Cnty., Ariz. v. United States,* 487 F.3d 871, 875

(Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2007), *cert. denied,* 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999).

■ "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States...." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Radioshack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed.Cir.2009); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). In *Ontario Power Generation, Inc. v. United States,* 369 F.3d 1298 (Fed.Cir. 2004), the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver.... Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." *Eastport S.S. [Corp. v. United States,* 178 Ct.Cl. 599,] 372 F.2d [1002,] 1007–08 [ (1967) ] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting *Clapp v. United States,* 127 Ct.Cl. 505, 117 F.Supp. 576, 580 (1954)))).... Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." *Eastport S.S. [Corp. v. United States ],* 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants

the claimant, expressly or by implication, a right to be paid a certain sum." *Id.; see also [United States v.] Testan,* 424 U.S. [392,] 401–02, 96 S.Ct. 948 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " (quoting *Eastport S.S. [Corp. v. United States ],* 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

*Ontario Power Generation, Inc. v. United States,* 369 F.3d at 1301.

■ To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon " 'can fairly be interpreted as mandating compensation by the Federal Government.' " *United States v. Navajo Nation,* 129 S.Ct. at 1552 (quoting *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948); *see also United States v. White Mountain Apache Tribe,* 537 U.S. at 472, 123 S.Ct. 1126; *United States v. Mitchell,* 463 U.S. at 217, 103 S.Ct. 2961; *Blueport Co., LLC v. United States,* 533 F.3d 1374, 1383 (Fed.Cir.2008), *cert. denied,* 555 U.S. 1153, 129 S.Ct. 1038, 173 L.Ed.2d 468 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. *See United States v. Navajo Nation,* 129 S.Ct. at 1551 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.,* statutes or contracts)."). "If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1308 (Fed.Cir.2008) (quoting *Greenlee Cnty., Ariz. v. United States,* 487 F.3d at 876); *Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005) (The absence

of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); *Peoples v. United States,* 87 Fed.Cl. 553, 565–66 (2009).

Defendant argues that "this Court lacks jurisdiction over Ms. Hoag's complaint" stating, "this Court cannot grant the relief Ms. Hoag seeks, specific performance." Defendant is correct that the United States Court of Federal Claims does not have jurisdiction to grant the general equitable relief as requested by plaintiff under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The language of 28 U.S.C. § 2201 provides, with certain specified exceptions not applicable here:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The United States Court of Appeals for the Federal Circuit, however, has stated that:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

*Nat'l Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716–17 (Fed.Cir.1998); *see also United States v. Tohono O'Odham Nation,* —— U.S. ——, 131 S.Ct. 1723, 1729, 179 L.Ed.2d 723 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); *Massie v. United States,* 226 F.3d 1318, 1321 (Fed.Cir.

2000) ("Except in strictly limited circumstances, *see* 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction' ") and *Placeway Constr. Corp. v. United States,* 920 F.2d 903, 906 (Fed.Cir.1990))); *Smalls v. United States,* 87 Fed.Cl. 300, 307 (2009); *Pryor v. United States,* 85 Fed.Cl. 97, 103 (2008) ("Apart from ordering relief under 28 U.S.C. §§ 1491(a)(2) or (b)(2), the Court of Federal Claims has no power to grant a declaratory judgment.... The Court of Federal Claims cannot adjudicate a complaint that seeks only declaratory relief." (citing *Nat'l Air Traffic Controllers Ass'n. v. United States,* 160 F.3d at 717)); *Tchakarski v. United States,* 69 Fed.Cl. 218, 221 (2005).

Ms. Hoag has not cited to any applicable law, nor has she identified any express grant of jurisdiction from Congress, which would permit this court to award her specific performance. In her complaint, plaintiff cites to 28 U.S.C. § 1346(a)(2) (2006); 28 U.S.C. § 1367 (2006);[2] 28 U.S.C. § 1391 (2006); the Tucker Act, 28 U.S.C. § 1491; and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. None of the exceptions which permit this court to grant declaratory relief under these statutes apply to Ms. Hoag's allegations. Accordingly, the claims in plaintiff's complaint which request equitable relief and specific performance cannot be entertained in this court, and must be dismissed.

■ In addition to the relief plaintiff requests under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, plaintiff seeks a declaratory judgment under the Tennessee Declaratory Judgment Act, Tennessee Code Annotated § 29–14–101 *et seq.* As discussed above, however, 28 U.S.C. § 1491 waives sovereign immunity to allow jurisdiction in this court over monetary claims against the Unit-

---

2. As noted in *Hall v. United States,* 69 Fed.Cl. 51, 57 (2005), "28 U.S.C. § 1367 does not confer any jurisdiction upon the United States Court of Federal Claims because only the United States District Courts are authorized to exercise supple-

mental jurisdiction." *See Trek Leasing, Inc. v. United States,* 62 Fed.Cl. 673, 678 (2004) (indicating 28 U.S.C. § 1367 "only applies specifically to federal district courts").

ed States only when (1) requesting a refund from a prior payment made to the United States, (2) based on an express or implied contract with the United States or (3) founded on federal constitutional, statutory, or regulatory law requiring compensation by the federal government for damages sustained. *See United States v. Mitchell,* 463 U.S. at 215–18, 103 S.Ct. 2961; *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948. According to the United States Court of Appeals for the Federal Circuit: "Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.,* 497 F.3d 1303, 1307 (Fed.Cir.2007). Therefore, the relief requested by plaintiff pursuant to a Tennessee state statute, not a federal statute, also is not within the jurisdiction of this court, and must be dismissed.

■■■ Aside from requesting declaratory relief and specific performance, plaintiff seeks monetary damages pursuant to an alleged breach of contract by the VA. Plaintiff argues that as a result of the breach of contract, she incurred tax liability she otherwise would not have incurred, because she had to take money out of her IRA to purchase Lot 1. Defendant, however, characterizes this as: "The only money damages identified by Ms. Hoag are those related to the 'income tax liability and obligations that she would not have owed but for the breach by the [Government].'" Defendant, therefore, argues that Ms. Hoag's requested monetary damages are subject to the "full payment rule." Defendant is correct that the United States Court of Federal Claims has jurisdiction under the Tucker Act for actions seeking a refund of taxes only after the plaintiff has satisfied the "full payment rule," which requires that a plaintiff pay the full amount of the tax principal due, and administratively seek a refund from the Internal Revenue Service before filing suit in the United States Court of Federal Claims. *See Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623, *reh'g denied,* 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960); *Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir.1993); *Brach v. United States,* 98 Fed.Cl. 60, 65–66 (2011). Defendant's assertion that plaintiff's money damages claims are only in the nature of a tax refund claim, however, is incorrect. In her complaint, plaintiff states: "By failing to perform its contract, the VA breached the contract with Ms. Hoag" and plaintiff requests "that she have and receive all her damages suffered as a result of the Defendants' [sic] acts or omissions," in her case, including the amount of money she would not have had to expend, but for the alleged breach of contract by the defendant. This is not a classic tax refund case, and defendant has ignored the breach of contract claim in plaintiff's complaint.

■■■■ This court has jurisdiction to adjudicate claims for monetary relief against the United States based on allegations of breach of express and implied-in-fact contracts with the United States pursuant to the Tucker Act. *See Hercules Inc. v. United States,* 516 U.S. 417, 423–24, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996) (stating that the Tucker Act extends to express or implied-in-fact contracts based on a meeting of the minds pursuant to 28 U.S.C. § 1491(a)). The elements of an express contract with the United States are "'a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract.'" *M.G. Constr., Inc. v. United States,* 67 Fed.Cl. 176, 182 (2005) (quoting *Total Med. Mgmt., Inc. v. United States,* 104 F.3d 1314, 1319 (Fed.Cir.) (citations omitted), *cert. denied,* 522 U.S. 857, 118 S.Ct. 156, 139 L.Ed.2d 101 (1997)), *aff'd,* 253 Fed.Appx. 935 (Fed.Cir.2007). Plaintiff titled Count One of her complaint "Breach of Contract." Plaintiff states that: "Ms. Hoag made an offer, accepted by [the] VA, for good and valid consideration, whereby Ms. Hoag would pay the VA forty-five thousand dollars ($45,000.00) and VA would deliver title to the real property commonly known as 541 West Stevens Street, Cookeville Tennessee." It also appears from an exhibit attached to plaintiff's complaint that both the plaintiff and the VA signed the real estate contract, suggesting that plaintiff's offer was accepted by the defendant for the "amount of earnest money [of] $45,000.00" on July 7, 2009.

The Secretary of the VA has the capacity under 38 U.S.C. § 3720(a)(5) to purchase, take title to, and sell property on behalf of the United States government. *See* 38 U.S.C. § 3720(a)(5) (2006) (The Secretary may "purchase at any sale, public or private, upon such terms and for such prices as the Secretary determines to be reasonable, and take title to, property, real, personal or mixed; and similarly sell, at public or private sale, exchange, assign, convey, or otherwise dispose of any such property."). According to Ms. Hoag, "[t]he VA has at all times been capable of performing its duties under the contract, specifically including but not limited to the duty to convey good, full and clear title to the property in question." Plaintiff further alleges that the VA has refused to set a closing date and convey title on the property after asking Ms. Hoag to extend the closing date "several times," since both parties signed the real estate contract on July 7, 2009. Plaintiff states in her complaint that "Ms. Hoag has made repeated demand[s] upon the VA and its agents for performance of its duties under the contract," and "[a]t all times from the date of the contract until the present, Ms. Hoag remains ready, willing and able to perform her duties under the contract."

As noted above, when deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. In this case, plaintiff has asserted damages stemming from a breach of contract by the defendant, in excess of $10,000.00. Defendant's brief motion to dismiss does not controvert any of the factual allegations submitted by the plaintiff. Therefore, plaintiff's allegations are sufficient to lodge jurisdiction in this court. The Tucker Act vests the United States Court of Federal Claims with exclusive jurisdiction over contract claims against the federal government seeking more than $10,000.00. *See* 28 U.S.C. § 1491; *see also Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d at 1304 (citing *E. Enters. v. Apfel*, 524 U.S. 498, 520, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998)).

## CONCLUSION

Although this court does not have the authority to grant the equitable relief plaintiff seeks under either the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 or the Tennessee Declaratory Judgment Act, Tennessee Code Annotated § 29–14–101 *et seq.*, this court does have jurisdiction under the Tucker Act, 28 U.S.C. § 1491 to adjudicate claims for monetary damages based on allegations of breach of contract by the United States in excess of $10,000.00. Plaintiff's claims for equitable relief are, therefore, **DISMISSED**. Based on plaintiff's complaint and attached exhibits, Ms. Hoag has pled the elements of an express contract sufficient to meet the jurisdictional requirements of this court. Defendant's motion to dismiss for lack of subject matter jurisdiction, therefore, is **GRANTED** in part and **DENIED** in part. Plaintiff's breach of contract claims survive.

**IT IS SO ORDERED.**

