Frederick W. **BAUER**, pro se, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 97–823C.

United States Court of Federal Claims.

Feb. 26, 1998.

### Order

WEINSTEIN, Judge.

Plaintiff's [1] opposition to defendant's motion for an enlargement of time, filed on February 2, 1998, is deemed a motion for reconsideration, and is denied. Plaintiff's suggestions of fraud,[2] "sophistry," and bad

---

1. Because a plaintiff may proceed *pro se* only when representing himself, and the *"et al."* have not signed the complaint nor sought permission to proceed *pro se,* the court deems Mr. Frederick W. Bauer's complaint to be filed solely on his own behalf.

2. It is not fraudulent for defendant's counsel to state that he does not have plaintiff's telephone number. And counsel is not required to perform extensive searches to determine this number. The cover sheet filed by plaintiffs is not provided to the parties. Rather, a *pro se* plaintiff (who is deemed a "counsel" or "attorney" under this court's rules, *see* Rule 81(d)(8) of the Rules of the

faith by defendant are frivolous and totally unsupported by the facts alleged. Similar accusations were made by plaintiff in *Bauer v. United States Dept. of Justice*, 1993 WL 515867 (N.D.Cal.1993) (motion for sanctions alleging "stonewalling," "cover-up [of] misconduct" and "subver[sion] of the judicial process" denied due to lack of factual support). Such unwarranted accusations will not be tolerated by the court, and will result in sanctions against the offending party, including plaintiff, regardless of plaintiff's *pro se* status. This court expects all participants in litigation before it to comport themselves with courtesy and mutual respect.

■ In addition, plaintiff's motions for appointment of counsel are denied. First, this court has the authority under 28 U.S.C. § 1915 only to *request* representation for litigants before the court, and has no power to appoint or pay for counsel. Second, exercise of this authority is discretionary. To this judge's knowledge, such authority has never been exercised by a judge of this court. (Nor have any representatives volunteered to be available for such requests.) Finally, requesting representation does not appear to be warranted at this time in this case, for the following reasons:

■ Plaintiff states that he has been "denied access to funds in order to represent [him]self." This statement is reminiscent of his statement to the district court, recounted in the Seventh Circuit's affirmance of the district court's denial of plaintiff's motion for appointment of counsel there, that his assets were no longer in his "immediate reach." *United States v. Bauer*, 956 F.2d 693, 694 (7th Cir.1992). In the earlier criminal proceeding in district court, plaintiff admitted to the accuracy of his financial statement showing net assets of $500,000. *See id.* at 693. The district court found his testimony that he no longer possessed these assets "evasive" and "incredible." *Id.* at 694. This court is bound by prior judicial findings of fact in

cases involving the same parties. *See U.S. Philips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 598 (Fed.Cir.1995) (citing *Blonder-Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313, 332–33, 91 S.Ct. 1434, 1444–45, 28 L.Ed.2d 788 (1971).) This is true even when the prior proceeding was a criminal case, provided that, as occurred here, the question was "distinctly put in issue and directly determined" in the criminal prosecution. *Berdick v. United States*, 222 Ct.Cl. 94, 612 F.2d 533, 537 (1979) (quoting *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951).) *See also Brown v. United States*, 207 Ct.Cl. 768, 524 F.2d 693, 699 (1976). Plaintiff stated in his complaint here that $75,000 worth of his assets have been seized—$45,000 in registered securities, see Complaint at 5, and $30,000 in other assets, see *id.* at 7. Other than these assets, plaintiff accounts only for another $5,000 (stating that he was fined $5,000 in 1989, but, notably, not that he paid the fine.) *See id.* at 9. Thus, plaintiff has not explained what happened to the remaining $425,000 in assets he claimed in his earlier financial statement.

Therefore, if plaintiff remains interested in pursuing voluntary representation subject to the restrictive conditions described above, plaintiff shall show good cause, including information meeting the requirements of Appendix H to the rules of this court that he has disposed of all of his assets or that all of his assets have been confiscated, and why he may be entitled to request this court to request representation for him. In addition, plaintiff shall indicate who this court may request to represent him.

---

United States Court of Federal Claims (RCFC)) is required to "include on the initial pleading or paper [his] name, address, *and telephone number.*" RCFC 81(d)(3) (emphasis added). Plaintiff's complaint did not include a telephone number. Plaintiff also is not warranted in inferring

bad faith, fraud, collusion, or cover-up from routine procedures such as multiple signatories on behalf of the Department of Justice, or from his own ignorance that "defendant's counsel" was the signer of the motion.