295 F.3d 1249
 TELCOMM TECHNICAL SERVICES, INC. (also known as Telecomm Technical Services, Inc.), DD Hawkins Communications, Inc., Sharecom Division of Start Technologies (now known as Nextlink One, Inc), Realcom
Office Communications, Inc. (now known as MCI Worldcom Communications, Inc.), CMS Communications, Inc., Nova USA Telecommunications Services Co., American Telecom Corporation, and Olde York Valley Inn, Plaintiffs-Appellants,
v.
SIEMENS ROLM COMMUNICATIONS, INC., Defendant-Cross Appellant.
 No. 00-1579.
 No. 00-1580.
 United States Court of Appeals, Federal Circuit.
 DECIDED: July 2, 2002.
 
 Gregory M. Baruch, Berry & Leftwich, of Washington, DC, argued for plaintiffs-appellants. With him on the brief were R. Stephen Berry, J. Daniel Leftwich, and Michael J. Quinn. Of counsel on the brief were Michael K. Kellogg, Mark C. Hansen, and Steven F. Benz, Kellogg, Huber, Hansen, Todd & Evans, of Washington, DC.
 Kenneth A. Gallo, Clifford Chance Rogers & Wells LLP, of Washington, DC, argued for defendant-cross appellant. With him on the brief were Michael A. O'Shea, Jon R. Roellke, Leiv H. Blad, Jr., Bret A. Campbell, Julia S. de Kluiver, and Patricia C. Crowley. Of counsel were Charles E. Campbell, and Jeffrey W. Cavender, Long Aldridge & Norman LLP, of Atlanta, Georgia.
 Before MICHEL, LOURIE, and GAJARSA, Circuit Judges.
 GAJARSA, Circuit Judge.
 
 
 1
 Plaintiff-Appellants Telcomm Technical Services, et al. (collectively referred to as "the ISOs"), appeal from a judgment of the United States District Court for the Northern District of Georgia granting summary judgment in favor of Siemens Rolm Communications, Inc. ("Rolm") on the ISOs' monopolization and attempted monopolization claims under the Sherman Act. Telecomm Technical Servs. Inc. v. Siemens Rolm Communications, Inc., 150 F.Supp.2d 1365, 1374 (N.D.Ga.2000) ("Antitrust Judgment II"). The ISOs challenge the antitrust summary judgment on a variety of grounds. The ISOs also challenge Rolm's standing to bring its patent and copyright infringement counterclaims, maintaining that the Rolm entity alleging such counterclaims did not own the asserted patents and copyrights. These counterclaims resulted in a jury verdict of patent and copyright infringement in favor of Rolm. Telecomm Technical Servs. Inc. v. Siemens Rolm Communications, Inc., No. 1:95-CV-649-WBH, slip op. at 1 (N.D.Ga. July 26, 2000) ("Infringement Order"). In addition to the ownership challenge, the ISOs challenge the jury verdict on various other grounds. Lastly, the ISOs appeal the district court's denial of class certification of the antitrust claim, Telecomm Technical Servs. Inc. v. Siemens Rolm Communications, Inc., 172 F.R.D. 532, 546, 549 (N.D.Ga.1997), and its denial of leave to amend the complaint for a third time, Telecomm Technical Servs. Inc. v. Siemens Rolm Communications, Inc., No. 1:95-CV-649-WBH, slip op. at 5 (N.D.Ga. Sept. 15, 1997), while Rolm cross-appeals the district court's summary judgment denial of its "computer copying" claim under 17 U.S.C. § 117. Telecomm Technical Servs. Inc. v. Siemens Rolm Communications, Inc., 51 USPQ2d 1793, 1796, 1999 WL 696011 (N.D.Ga. July 6, 1999); Telecomm Technical Servs. Inc. v. Siemens Rolm Communications, Inc., 66 F.Supp.2d 1306, 1324-25 (N.D.Ga. 1998) ("Antitrust Judgment I").
 
 
 2
 Under the Supreme Court's recent opinion in Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., ___ U.S. ___, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), jurisdiction for this appeal does not lie in this circuit. Therefore, we do not reach the issues appealed by the parties, and accordingly transfer this case to the Eleventh Circuit.
 
 DISCUSSION
 
 3
 This Court has "inherent jurisdiction to determine the scope of our jurisdiction," Haines v. Merit Sys. Prot. Bd., 44 F.3d 998, 999 (Fed.Cir.1995), and jurisdiction "cannot be conferred on this court by waiver or acquiescence," In re Alappat, 33 F.3d 1526, 1530, 31 USPQ2d 1545, 1546 (Fed.Cir.1994) (en banc). Therefore, we raise the question of jurisdiction sua sponte, as is our obligation. Id. (citing Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462, (1884); Wyden v. Comm'r of Patents & Trademarks, 807 F.2d 934, 935, 231 USPQ 918, 919 (Fed.Cir.1986)). "`[E]very federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it.'" Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485-86, 45 USPQ2d 1633, 1636 (Fed.Cir.1998) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (quoting Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934))).
 
 
 4
 When the ISOs originally filed this appeal, our jurisdiction was predicated on the patent infringement counterclaim. See Aerojet-General Corp. v. Machine Tool Works, Oerlikon-Buehrle, Ltd., 895 F.2d 736, 13 USPQ2d 1670 (Fed.Cir.1990) (holding that a nonfrivolous, well-pleaded compulsory patent law counterclaim invoked the appellate jurisdiction of the Federal Circuit), overruled by Holmes Group, 122 S.Ct. at 1893. In the Supreme Court's intervening decision in Holmes Group, it held that the well-pleaded complaint rule endures no necromancy that would vest the statutory phrase "arising under" with a meaning that encompasses appellate jurisdiction for a case to be heard in the Federal Circuit based on a patent infringement counterclaim. Holmes Group, 122 S.Ct. at 1895. Because the Supreme Court's opinion in Holmes Group is directly on point, it dissolves our jurisdiction over this appeal. Thus, we do not have jurisdiction to entertain the issues in this case, and accordingly we transfer this appeal to the Eleventh Circuit. 28 U.S.C. § 1631; see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (holding that upon the Federal Circuit making the determination that it did not have jurisdiction, its sole choice was to dismiss the case or transfer it to a court of appeals with jurisdiction); Schwarzkopf Dev. Corp. v. Ti-Coating Inc., 800 F.2d 240, 245, 231 USPQ 47, 51 (Fed.Cir.1986) (transferring case to regional circuit under transfer statute upon the finding that jurisdiction did not lie with the Federal Circuit).
 
 CONCLUSION
 
 5
 Our jurisdiction for this case as originally filed in this circuit was predicated on a patent infringement counterclaim. However, as a result of the Supreme Court's intervening decision in Holmes, we do not have appellate jurisdiction over the cases. As a result, we do not reach the issues appealed and order this case transferred to the Eleventh Circuit.
 
 
 6
 
 TRANSFERRED.
 
 
 COSTS
 
 7
 No costs.