**John DOE,\* Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 06–544C.

United States Court of Federal Claims.

Dec. 29, 2006.

---

\* Because this case involves issues directly related to Plaintiff's conviction for Gross Sexual Imposition, pursuant to N.D. CENT. CODE § 12.1–20–03, on December 27, 2006, the court issued an Order placing the record under seal and changing the case caption to *"John Doe v. United States."*

John Doe, Bismarck, North Dakota, pro se.

Timothy P. McIlmail, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

## I. RELEVANT FACTS[1]

On November 28, 2001, Plaintiff was convicted in North Dakota of gross sexual imposition. *See* Am. Compl. at 2; *see also* N.D. CENT. CODE § 12.1–20–03 (defining the elements and penalties for gross sexual imposition).

The DNA Identification Act of 1994, 42 U.S.C. § 14131 *et seq.* *("Act")*, authorizes the Director of the Federal Bureau of Investigation ("FBI") to establish and maintain the National DNA Identification System ("NDIS"). *See* 42 U.S.C. § 14132(a) (authorizing the FBI Director to establish an index of DNA identification records). The NDIS contains DNA records of several different categories of individuals, including those "convicted of crimes." *Id.* ("The Director of the Federal Bureau of Investigation may establish an index of ... DNA identification records of ... persons convicted of crimes[.]"). The Act also authorizes federal grants for state and local laboratories that participate in the NDIS, however; as a condition for receipt, each laboratory must com-

ply with the quality assurance standards required by the Act. *See* 42 U.S.C. § 14135(a) (authorizing the Attorney General to make such grants to state and local governments). North Dakota participates in the NDIS. *See* N.D. CENT. CODE § 31–13–05 (establishing a "centralized database of DNA identification records ... compatible with the procedures set forth in the national DNA identification index to ensure data exchange on a national level").

As required by N.D. CENT. CODE § 31–13–03, a forensic scientist collected DNA samples from Plaintiff in connection with his sex-based felony conviction and sent them to the state crime laboratory for analysis and incorporation into the NDIS index. *See* Am. Compl. at 2; *see also* N.D. CENT. CODE § 31–13–03 (authorizing that persons convicted of various sexual offenses, including gross sexual imposition, shall submit a DNA sample for inclusion in law enforcement databases).

On October 3, 2005, Plaintiff discovered that his DNA records may be in the NDIS index. *See* Am. Compl. at 2. Since that time, Plaintiff has been attempting to secure a copy of these records. *Id.*

## II. PROCEDURAL BACKGROUND

On July 27, 2006, Plaintiff filed a Complaint in the United States Court of Federal Claims listing seven causes of action claiming that the United States and the NDIS refused to provide him with a copy of his DNA records. *See* Compl. at 1. The Complaint identified as Defendants: the National DNA Index System; the Director of the FBI of Washington, D.C.; and the United States Department of Justice and "its Director." *Id.* On July 27, 2006, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis.*

On August 9, 2006, Plaintiff filed an Amended Complaint naming the United States as the defendant ("Government") and alleging that the Government's failure to provide Plaintiff with his DNA testing results

---

1. The relevant facts and procedural history recited herein were derived from the July 27, 2006 Complaint ("Compl."); Plaintiff's August 9, 2006 Amended Complaint (Am.Compl.); Defendant's August 25, 2006 Motion to Dismiss ("Gov't Mot. Dis."); Plaintiff's September 1, 2006 Motion to Appoint Counsel ("Pl. Mot. App't Counsel"); and Plaintiff's Sept. 22, 2006 Response to Defendant's Mot. Dis. ("Pl.Resp.").

afforded him a cause of action for money damages. *See* Am. Compl. at 1. On August 9, 2006, Plaintiff also filed a Motion for Appointment of Counsel. On August 22, 2006, the Government filed a Response.

On August 25, 2006, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction. *See* RCFC 12(b)(1). On September 1, 2006 Plaintiff filed a Motion for an Order Compelling Discovery Under FRCP 37. On September 19, 2006, the Government filed a Response. On October 11, 2006, Plaintiff filed a Reply.

On September 22, 2006, Plaintiff filed a Response to the Government's Motion to Dismiss. On October 17, 2006, the Government filed a Reply.

### III. DISCUSSION

#### A. Jurisdiction.

The Tucker Act is the principal statute establishing the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491. Under the Tucker Act, the court has "jurisdiction to render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, in order to pursue a substantive right, a plaintiff must identify and plead a separate contractual relationship, constitutional provision, federal statute, and/or agency regulation that provides a substantive right to money damages for the court to have jurisdiction. *See Todd v. United States,* 386 F.3d 1091, 1094 (Fed. Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."); *see also Roth v. United States,* 378 F.3d 1371, 1384 (Fed.Cir.2004) ("Because the Tucker Act itself does not provide a substantive cause of action, however, a plaintiff must find elsewhere a money-mandating source upon which to base a suit."); *Khan v. United States,* 201 F.3d 1375, 1378 (Fed.Cir.2000) ("[T]he plaintiff 'must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.'") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998)).

Therefore, a plaintiff must identify and plead a separate source of substantive law upon which the claim relies that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also Testan,* 424 U.S. at 400, 96 S.Ct. 948.

#### B. Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.2005) ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."); RCFC 12(b)(1).

In deciding a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Nevertheless, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

## C. *Pro Se* Plaintiff Pleading Requirements.

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of the litigants represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) *(pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Indeed, it has been the tradition of the court to examine the record "to see if [a *pro se]* plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969).

## D. The Court's Resolution Of The Government's Motion To Dismiss.

Plaintiff asserts that the United States Court of Federal Claims has jurisdiction to adjudicate the Amended Complaint based on: 28 U.S.C. § 1491; 28 U.S.C. § 1346; 42 U.S.C. § 1983; 5 U.S.C. § 552a; and "another federal satute [sic] that is a money mandating statute for this claim." Am. Compl. at 1.

### 1. 28 U.S.C. § 1491 Is Not A "Money-Mandating" Statute.

The Amended Complaint alleges that the United States Court of Federal Claims has jurisdiction pursuant to 28 U.S.C. § 1491. Section 1491, however, only delineates the subject matter jurisdiction of the United States Court of Federal Claims. *See Testan,* 424 U.S. at 398, 96 S.Ct. 948. A complaint still must plead a separate contractual relationship, constitutional provision, federal statute, and/or agency regulation that provides a substantive right to money damages. *See Todd,* 386 F.3d at 1094 ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."); *see also Roth v. United States,* 378 F.3d 1371, 1384 (Fed.Cir.2004) ("Because the Tucker Act itself does not provide a substantive cause of action, however, a plaintiff must find else-

where a money-mandating source upon which to base a suit."); *Khan v. United States,* 201 F.3d 1375, 1378 (Fed.Cir.2000) ("[T]he plaintiff 'must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.' ") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998)). The Amended Complaint's recitation of 28 U.S.C. § 1491 does not provide a basis for seeking damages from the Government.

### 2. 28 U.S.C. § 1346(a)(1) Does Not Authorize A Claim For Money Damages Against The Government Relevant To This Case.

The Amended Complaint also alleges that the United States Court of Federal Claims has jurisdiction under 28 U.S.C. § 1346. As discussed herein, no provision of Section 1346 authorizes a claim against the Government for money damages relevant to the grievance Complaint.

Section 1346(a)(1) provides the United States District Courts and the United States Court of Federal Claims with concurrent jurisdiction over tax disputes. *See* 28 U.S.C. § 1346(a)(1) (providing both courts with original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws"). Since the Amended Complaint does not allege a tax claim, Section 1346(a)(1) is irrelevant.

### 3. 28 U.S.C. § 1346(a)(2) Is Not A Money Mandating Statute.

Section 1346(a)(2), known as the Little Tucker Act, provides United States District Courts and the United States Court of Federal Claims with concurrent jurisdiction to adjudicate claims against the United States, "not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). Like Section 1491,

however, Section 1346(a)(2) does not create any substantive right of action against the United States for money damages. *See Litzenberger v. United States,* 89 F.3d 818, 820 (Fed.Cir.1996) ("Although this provision [28 U.S.C. § 1346(b)(2) ] waives sovereign immunity, it does not create any substantive right enforceable against the United States for money damages. . . . Thus, for a claim to be based on the Little Tucker Act, it must be founded on a provision that can fairly be interpreted as mandating compensation from the United States." (citations omitted)). Therefore the Amended Complaint cannot rely exclusively on 28 U.S.C. § 1346(a)(2) to assert a claim for money damages against the Government.

### 4. The United States Court of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Arising Under 28 U.S.C. § 1346(b)-(g).

■ The Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), provides United States District Courts with exclusive jurisdiction over civil actions sounding in tort against the United States. *See* 28 U.S.C. § 1346(b)(1) (providing that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government"). Section 1346(b)(1) does not authorize the United States Court of Federal Claims to adjudicate civil tort actions. *See Awad v. United States,* 301 F.3d 1367, 1372 (Fed.Cir.2002) (providing that jurisdiction for claims brought under the Federal Tort Claims Act lies in federal District Court, not in the United States Court of Federal Claims).

Finally, Sections 1346(c)-(g) define additional jurisdiction of the United States District Courts and are not relevant to the jurisdiction of the United States Court of Federal Claims.

### 5. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Arising Under 28 U.S.C. § 1983.

■ The Amended Complaint also asserts that jurisdiction is conferred on the United States Court of Federal Claims by 42 U.S.C. § 1983. Section 1983 jurisdiction, however, is conferred exclusively on the United States District Courts. *See* 28 U.S.C. § 1343(a) ("The *district courts* shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil rights[.]") (emphasis added). Accordingly, Section 1983 does not authorize the United States Court of Federal Claims to adjudicate claims arising thereunder.

### 6. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Arising Under The Privacy Act, 5 U.S.C. § 552a.

■ In response to the Government's Motion to Dismiss, Plaintiff argues that the court has jurisdiction under the Privacy Act, 5 U.S.C. § 552a to afford Plaintiff monetary relief. *See* Pl. Resp. to Mot. Dis. at 2. It is true that the Privacy Act creates a civil cause of action with monetary damages. *See* 5 U.S.C. § 552a(g)(1). The Privacy Act, however, vests jurisdiction for such claims only in the United States District Courts. *Id.* (providing that an "individual may bring a civil action against the agency, and the *district courts* of the United States shall have jurisdiction in the matters under the provisions of [5 U.S.C. § 552a]") (emphasis added). Accordingly, the United States Court of Federal Claims does not have jurisdiction to adjudicate civil actions brought under the Privacy Act.

### 7. There Is No Other Federal Statute That Provides This Court With Jurisdiction Over Plaintiff's Claim.

■ The Amended Complaint in this case also asserts that the United States Court of Federal Claims has jurisdiction to adjudicate a claim for damages against the Government pursuant to "any other federal statute that is a money mandating satute [sic] for the

claim." Am. Compl. at 1. Although the court must review the pleadings of a *pro se* Plaintiff with leniency, nevertheless, Plaintiff must at least plead a money-mandating constitutional provision, federal statute or regulation, or contract with the Government in order to establish jurisdiction in this court. *See Sanders v. United States,* 34 Fed.Cl. 75, 78 (1995) ("A *[pro se]* plaintiff may not merely state that it believes jurisdiction exists to survive a motion to dismiss. Instead, a plaintiff must specifically identify the contract or money-mandating provision that vests this court with jurisdiction.") (citing *Allred v. United States,* 33 Fed.Cl. 349, 353 (1995)). The Amended Complaint does not do so. A general assertion that the court has jurisdiction under some unspecified statute is insufficient to establish jurisdiction.

### E. Resolution Of The Plaintiff's Motion To Compel Discovery.

On September 1, 2006, Plaintiff filed a Motion to Compel Discovery seeking the Government's response to Plaintiff's Interrogatories and Request for Production of Documents served on the Government on August 1, 2006. *See* Pl. Mot. Comp. Disc. at 1. Plaintiff has failed to assert a money-mandating constitutional provision, statute, or regulation that would provide the court with jurisdiction to entertain his claim. Because the court does not have subject matter jurisdiction, Plaintiff's Motion is denied. *See Anderson v. United States,* 54 Fed.Cl. 620, 629 (2002) ("Because all claims have been dispensed with, the plaintiff's request for discovery is denied.").

### F. The Court Does Not Have Authority To Appoint Counsel.

On August 9, 2006, Plaintiff filed a Motion seeking Appointment of Counsel arguing that his limited funds, unfamiliarity with the law, and lack of access to a law library entitle him to court appointed counsel. *See* Pl. Mot. Appt. Counsel at 1.

28 U.S.C. § 1915(a)(1) provides that: "Any court of the United States may authorize commencement ... of any suit ... without prepayment of fees ... by a person who is unable to pay such fees." 28 U.S.C.

§ 1915(a)(1). Under this law, the court *may request counsel* for plaintiffs or defendants proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(1) ("The court *may request an attorney* to represent any person unable to afford counsel.") (emphasis added). The court, however, does not have the authority *to appoint* counsel for the plaintiff in this case. *See Bauer v. United States,* 40 Fed.Cl. 469, 470 (1998) ( [The Court of Federal Claims] has the authority ... only to *request* representation for litigants before the court[.]). This is a discretionary power that the court declines to exercise in this case, because of the jurisdictional deficiencies in the Amended Complaint.

### G. Transfer To The United States District Court For The District Of North Dakota.

When a civil action is filed and the court finds that "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed[.]" 28 U.S.C. § 1631; *see also Telecomm Tech. Servs., Inc. v. Siemens Rolm Commc'ns, Inc.,* 295 F.3d 1249, 1252 (Fed.Cir.2002). The action should be transferred to another federal court when "(1) the transferor court lacks ... jurisdiction; (2) at [the] time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interests of justice." *Gray v. United States,* 69 Fed.Cl. 95, 98 (2005); *see also Tarrant v. United States,* 71 Fed.Cl. 554, 558 (2006).

The court is satisfied that the conditions for transfer have been met in this case. Although the United States Court of Federal Claims does not have jurisdiction over Plaintiff's Privacy Act claim, a civil action could have been brought in the United States District Court for the District of North Dakota, where Plaintiff resides. In light of Plaintiff's status as a *pro se* litigant, transferring this claim to the proper forum serves the interests of justice.

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's September 1, 2006 Motion to Compel Discov-

ery is denied. Plaintiff's August 9, 2006 Motion for the Order for the Appointment of Counsel Motion is also denied. The Government's August 31, 2006 Motion to Dismiss is denied; since Plaintiff's claim could have been brought in Federal District Court under the Privacy Act, the Clerk of the United States Court of Federal Claims will transfer this case to the United States District Court for the District of North Dakota, pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**