**Earl SAGEMAN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 08–208C.

United States Court of Federal Claims.

June 27, 2008.

Earl Sageman, Marlette, MI, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

The plaintiff, Earl Sageman, filed a *pro se* complaint in this court on March 24, 2008. He also submitted a request to proceed *in forma pauperis*. The plaintiff indicates in his complaint that he owns a farm and states that the "defendants" are seeking foreclosure against him on that farm. Plaintiff names as defendants the United States Department of Agriculture (USDA), the Farm Service Agen-

cy (FSA), the Office of Civil Rights (OCR), the Office of General Counsel (OGC), and the Department of Justice (DOJ).[1] As jurisdictional and substantive support for his claims, plaintiff refers to constitutional amendments, statutes, and regulations, but plaintiff does not explain the applicability to the allegations in his complaint. Moreover, without specifying the existence of a contract, plaintiff claims that defendants breached a contract with him and alleges a conspiracy by employees of the government. Plaintiff claims that FSA officers are involved in "high conspiracy" which allowed "bonus [sic] for foreclosure," "[o]ver-payment of program moneys to certain farmers," and bribes to officials.

Plaintiff's claims are difficult to follow and are randomly asserted throughout his complaint. For example, plaintiff claims that he was improperly served with a foreclosure action, presumably on his farm, and states that because he was undergoing cancer treatment at a hospital when defendants sent the "primary servicing notice," he did not receive it. Plaintiff also asserts that "[t]he defendant has been seeking or [sic] prosecution on foreclosure against the Plaintiff based on acknowledgement of Servicing; not due to the notice of servicing," and that defendants violated the "1996 Fair Debt Collection Act" by attempting to foreclose on plaintiffs farm. Plaintiff further states that "the defendant" failed to "inform plaintiff of additional time allowed for applying" for loan servicing in violation of the "Secretary Feb. 95 Civil Rights directive," which, according to plaintiff, "**required** the defendant to fully inform plaintiff of additional time allowed." (emphasis in original). Plaintiff asserts that 7 U.S.C. § 1981d(e) provides additional time to apply for "Primary Loan Servicing due to extraordinary circumstance" and that when he applied for new "Primary Loan Servicing," officials "conducted an elaborate and arbitrary ruse to block the new PLS [Primary Loan Service]...." Plaintiff also asserts that his cancer and "5 years of disaster declarations" should be considered as "extraordinary circumstance[s]."

Plaintiff also claims that a Farm Loan Specialist violated the Consumer Credit Protection Act and the Equal Credit Opportunity Act when he "called the plaintiff and told him the defendants were going to kill his [farming] operation, no matter what he did...." Plaintiff asserts that this was a violation of his due process rights and that "this promise of retaliation is barred by the Law{ [sic] Consumer Credit Protection Act and Equal Credit opportunity [sic] Act) [sic]." Plaintiff further claims that one of the defendants "told those in attendance [at a bankruptcy hearing] that they would not cooperate with Plaintiff [sic] Chapter 12 bankruptcy petition due to his disability (severe cancer)," and that an unnamed Department of Justice attorney argued that plaintiff did not have cancer but was "merely seeking sympathy from the court!" Plaintiff asserts that this violated "section 504 of the rehabilitation act [sic] of 1973 (29 USC 794)." Plaintiff refers to 20,000 pages of medical documents as evidence that he had cancer. Plaintiff then lists four pages of "directives and regulations" which, according to plaintiff, is "language creating a procedural Due Process interest." He asserts that the defendants have acted "with deliberate discrimination and non-compliance with hundreds of thousands of Procedural Due Process violations."

In the final paragraph of his complaint, plaintiff states that "the rule of law and many statutory laws, including Breach [sic] of contractual Law [sic] and the Law allows upon proof of discrimination, [sic] the Secretary shall be liable, and pay damages and the defendant [sic] arbitrary denial of services and Cooperation [sic] specifically due to handicap are plainly discriminatory, (29 USC 794)...." Plaintiff claims that the actions of the defendants have injured him and requests $54.8 million in damages.

## DISCUSSION

In order to provide access to this court to those who cannot pay the filing fees mandated in this court by Rule 77.1(c) of the Rules of the United States Court of Federal Claims

---

1. Plaintiff does not specify which agency General Counsel is allegedly culpable or which organization has taken what action. In his complaint, he refers to the parties as "defendant" or "defendants." In lawsuits against Executive Branch agencies, the United States is the defendant.

(RCFC), 28 U.S.C. § 1915 (2000) permits a court of the United States to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. The applicable statute, 28 U.S.C. § 1915, provides:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (bracketed word in original); *see also Jackson v. United States,* 80 Fed.Cl. 560, 563 (2008); *Fullard v. United States,* 78 Fed.Cl. 294, 297–98 (2007); *Hayes v. United States,* 71 Fed.Cl. 366, 366–67 (2006) (discussing 28 U.S.C. § 1915(a)).

Therefore, pursuant to 28 U.S.C. § 1915(a)(1), in order to qualify for in *forma pauperis* status, an applicant must file an affidavit which includes a statement of assets, a statement that the applicant is unable to pay such fees or provide security, the nature of the action, defense or appeal, and that the affiant believes that he or she is entitled to redress.

In his Application to Proceed *In Forma Pauperis,* plaintiff asserts that he is self-employed and states that his monthly salary is $500.00. He also indicates that he received $500.00 in wages from a business, profession, or other form of self-employment "in [the last] 12 months." Plaintiff lists the property that he refers to in his complaint as the "property that is in the issues at hand [sic]," as his sole asset, but plaintiff fails to state the value of that property. Plaintiff provided no supporting documentation for any of his assertions. Even assuming, however, that plaintiff could meet the requirements to proceed *in forma pauperis,* this court concludes that plaintiffs complaint is so defective that it must be dismissed for lack of jurisdiction and for failure to state a claim. *See* RCFC 12(b)(1); RCFC 12(b)(6).

"Subject matter jurisdiction may be challenged at any time by the parties, or by the court sua sponte." *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004), *reh'g and reh'g en banc denied* (Fed.Cir.), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir. 2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

Pursuant to Rule 8(a)(1) of the United States Court of Federal Claims (RCFC) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends...." RCFC 8(a)(1); Fed.R.Civ.P. 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (Fed.Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). However, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998); *see also McZeal v. Sprint*

*Nextel Corp.*, 501 F.3d 1354, 1363 n. 9 (Fed. Cir.2007) (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied*, 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States*, 119 F.3d 1576, 1580 (Fed.Cir.1997)), *cert. denied*, 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000); *Perez v. United States*, 156 F.3d 1366, 1370 (Fed.Cir.1998); *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States*, 48 F.3d 1166, 1167 (Fed.Cir.) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir.1991)), *cert. denied*, 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir.1989); *Ho v. United States*, 49 Fed.Cl. 96, 100 (2001), *aff'd*, 30 Fed.Appx. 964 (Fed. Cir.2002); *Alaska v. United States*, 32 Fed. Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed.Cir.1996) (table).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (citing *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)), *reh'g denied*, 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976); *see also Greenlee County, Ariz. v. United States*, 487 F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2007), *cert. denied*, —— U.S. ——, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States*, 33 Fed.Cl. 474, 478 (1995), *aff'd*, 79 F.3d 136 (Fed.Cir.1996).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d at 1343 ("[P]laintiff must ... indentify a substantive source of law that creates the right to recovery of money damages against the United States."); *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. at 605, 372 F.2d at 1007. To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961 (quoting *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948 and *Eastport Steamship Corp. v. United States*, 178 Ct.Cl.

at 607, 372 F.2d 1002, 372 F.2d at 1009); *see also Hamlet v. United States*, 63 F.3d 1097, 1107 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.1995), *cert. denied*, 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). "Additionally, the specific authority granting money relief must be distinct from the Tucker Act itself." *Cottrell v. United States*, 42 Fed.Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005); *see also Doe v. United States*, 74 Fed.Cl. 794, 796 (2006). For the reasons discussed below, this court finds that it lacks jurisdiction to adjudicate plaintiffs claims because plaintiff has not brought his action pursuant to any identified money-mandating statute.

■ Plaintiff has alleged a breach of contract by the defendant. Although breach of contract actions against the government are jurisdictionally proper in this court, plaintiff has not specified a contract with defendant which could have been breached. This court cannot adjudicate an abstract contract claim. Moreover, "[t]o have standing to sue the sovereign on a contract claim, a plaintiff must be in privity of contract with the United States." *Anderson v. United States*, 344 F.3d 1343, 1351 (Fed.Cir.) (citing *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed.Cir.1984)), *reh'g and reh'g en banc denied* (Fed.Cir.2003); *see also Jennette v. United States*, 77 Fed.Cl. 132, 136 (2007).

■ A diligent review of plaintiffs remaining rambling and cryptic claims also reveals no grounds for jurisdiction in this court. Many of the claims can be generally classified as alleging discrimination or violations of due process. In asserting a discrimination claim, plaintiff attempts to rely on the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2000). This court, however, does not have jurisdiction to review claims brought under the Rehabilitation Act of 1973. *See Mitchell v. United States*, 44 Fed.Cl. 437, 439 (1999) (concluding that this court is without jurisdic-

tion to review remedies available under the Rehabilitation Act of 1973).

■ Plaintiff further alleges due process violations and lists the Fifth and Fourteenth Amendments to the United States Constitution as authority generally supporting his claims. In *Crocker v. United States*, the United States Court of Appeals for the Federal Circuit wrote: "The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution." *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir.1997); *see also In re United States*, 463 F.3d 1328, 1335 n. 5 (Fed.Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for the jurisdiction under the Tucker Act."), *reh'g and reh'g en banc denied* (Fed.Cir.2006), *cert. denied sub nom. Scholl v. United States*, —— U.S. ——, 128 S.Ct. 50, 169 L.Ed.2d 243 (2007); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding that claims under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of Separation of Powers do not invoke United States Court of Federal Claims' jurisdiction because "they do not mandate payment of money by the government."); *Collins v. United States*, 67 F.3d 284, 288 (Fed.Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), *reh'g denied* (Fed.Cir.1995); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir. 1988) (finding that the due process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir.1987) (noting that the Fifth Amendment's Due Process Clause does not include language mandating the payment of money damages); *McCullough v. United States*, 76 Fed.Cl. 1, 4 (2006), ("[N]either the Fifth Amendment Due Process Clause ... nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."), *appeal dismissed*, 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert.*

*denied,* —— U.S. ——, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007).

Plaintiff's reliance on the Equal Credit Opportunity Act (ECOA) also does not invoke the jurisdiction of this court. The predecessor to this court, the United States Claims Court, found that actions filed under ECOA do not fit within the jurisdiction of the court, and indicated that such actions should be filed in United States District Courts. *Hall v. United States,* 69 Fed.Cl. 51, 55 (2005); *Hicks v. United States,* 23 Cl.Ct. 647, 653 (1991). Nor do plaintiffs vague references to the Consumer Credit Protection Act or the "Fair Debt Collection Act" assist his case. The references are both so vague as to be meaningless.

Similarly, the remainder of plaintiff's assertions either do not state a specific claim or do not allege a legal violation. For example, plaintiff points to vague "directives" when asserting that defendants violated a law by not informing him of "additional time allowed for applying for Servicing." Plaintiff identifies what he calls the "Secretary Feb. 95 Civil Rights directive [sic]," the "May 31, 96 CR directive," and the "12–18–96 CR directive." In none of these instances does plaintiff point to any specific violation of the law or establish that this court has jurisdiction.

In addition, plaintiff claims that federal employees are involved in a "conspiracy" and "unlawful" conduct. The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343; *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir.1997); *Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *McCullough v. United States,* 76 Fed.Cl. at 3; *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing*

*v. United States,* 71 Fed.Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed.Cir.2006). Similarly, to the extent that plaintiff is alleging criminal behavior on the part of federal employees, no jurisdiction resides in this court. This court lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed. Cir.1994); *see also McCullough v. United States,* 76 Fed.Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims).

When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court ... to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007). Even reading plaintiffs complaint as liberally as possible, plaintiff has failed to establish jurisdiction in this court.

Plaintiff's complaint also may be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99. In this case, plaintiff fails to spell out any claim upon which relief can be granted. Even construing plaintiff's complaint liberally, the court concludes that plaintiff can prove no facts which would entitle him to relief. Diligent attempts at deciphering the vague and confusing language of the complaint have result-

ed in no discernable, valid claims available to plaintiff over which this court has jurisdiction

## CONCLUSION

For the foregoing reasons, plaintiffs complaint is **DISMISSED,** with prejudice.

**IT IS SO ORDERED.**